Albert Lewis STALCUP, Appellant,

v.

Keith BUHRMAN et al., Appellees.

No. 6956.

Court of Civil Appeals of Texas.

Amarillo.

April 25, 1960.

———◆———

Morehead, Sharp & Boyd, Plainview, for appellant.

Richard F. Stovall, Floydada, Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a plea of privilege case. This suit was brought by Keith Buhrman and wife, Vanda Carter Buhrman. The said Vanda Carter Buhrman suing herein, individually and as next friend, for Terry Michael Carter, a minor, and in her repre-

sentative capacity as guardian of the person and estate of Terry Michael Carter, a minor, hereinafter referred to as plaintiffs, seeking to recover damages against Wyman Lynn Cooley, Albert Lewis Stalcup, and Jim Bob Gibson for personal injuries resulting in the death of Ernest C. Carter and wife, Mildred H. Carter, as well as personal injuries to Terry Michael Carter. Ernest C. and Mildred H. Carter were the parents of Vanda Carter Buhrman and Terry Michael Carter. It was alleged that Cooley and Gibson resided in Floyd County, Texas, and that Stalcup resided in Hale County, Texas. Stalcup filed his plea of privilege to have the case removed, so far as he was concerned, to Hale County, Texas, the place of his residence. The plea of privilege was controverted by the plaintiffs. Upon a hearing by the court, order was entered denying the plea of privilege and from that order Stalcup perfected this appeal.

It is the contention of plaintiffs, appellees here, that they were entitled to hold venue in Floyd County under Section 4 of Article 1995 of Vernon's Annotated Civil Statutes. In the case of Lee v. Robinson, Tex.Civ.App., 282 S.W.2d 397, 399 (writ dismissed) it is stated:

"It is now well settled that in order to establish venue under sub-division 4 of Article 1995, the following facts must be alleged and proved:

"1. There must be two or more defendants.

"2. One or more of the defendants must reside in the county in which the suit is filed.

"3. One or more of the defendants must reside in another county.

"4. There must be a proper joinder; that is, those joined as defendants must all be proper parties to the suit.

"5. There must have been a cause of action alleged against both the resident and non-resident defendants.

"6. There must be proof of a valid cause of action against the resident defendant."

Appellant presents this appeal upon four assignments of error contending there was no evidence that the defendants who resided in Floyd County were guilty of any negligence or wrongful acts in connection with the collision in question and further because there is insufficient evidence that the defendants who resided in Floyd County were guilty of any negligence or wrongful acts in connection with the collision in question. By their third and fourth points it is contended there is no evidence that any negligent or wrongful acts of the defendants who resided in Floyd County were the proximate cause of the damage sustained by the plaintiffs and that there was insufficient evidence that any negligence or wrongful acts of the defendants who resided in Floyd County were the proximate cause of the damages sustained by the plaintiffs.

The evidence in this case is very meager. The only evidence introduced as to anything concerning the conditions existing as to the collision in question was given by R. C. Dunn who was a State Highway Patrolman. All you can gather from the testimony of Mr. Dunn as to anything connected with the accident is that in his opinion from his investigation that he would say that the car in the accident which was driven by Mr. Cooley was traveling in excess of 55 miles an hour. Just how much he did not know. He could not tell on which side of the highway the collision occurred. There is no evidence in the record at all as to Gibson and Stalcup either one being at the accident at any time.

In order for the court to hold the case as to Stalcup in Floyd County it was necessary to prove a cause of action

against one of the defendants that resided in Floyd County. Other than as shown by the petition, there is nothing whatever to connect Mr. Gibson with the collision or even being present at the scene of the accident, and the only thing that has been shown by the testimony as to Mr. Cooley is the testimony of Mr. Dunn that in his estimation he was driving over 55 miles an hour. We do not believe there is any evidence or showing in this appeal to substantiate proximate cause in this case and unless there is some showing in the evidence of proximate cause as to the acts of Mr. Cooley there would not be a sufficient showing as to any cause of action against him. Consequently, we do not believe there is any proof of proximate cause constituting a valid cause of action against the resident defendants, Gibson or Cooley, and that the court erred in holding the case in Floyd County.

Judgment of the trial court is reversed and the cause ordered transferred to Hale County, Texas, so far as the appellant, Albert Lewis Stalcup is concerned.

CHAPMAN, J., not participating.